# THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

CV 06 2849
TOWNES, J.

WEILY L. BOKEL

      Petitioner

V.

NYPD PROPERTY CLERK DIVISION
ITS SUCCESSORS AND ASSIGNS
and
UNITED STATES OF AMERICA

      Respondent

Case No. 6:04-CR-70018

RECEIVED MAY 18 2006 PRO SE OFFICE

RECEIVED APR 10 2006 PRO SE OFFICE

## MOTION FOR RETURN OF PROPERTY

Comes now, Weily L. Bokel, pro se, and in response to Judge Norman K Moon's dismissal of a former motion filed with The Western District of Virginia regarding "return of property" on September 19, 2005 seeking the return of certain property including cash, jewelry, documents and a number of other miscellaneous items.

Per Judge Moon's finding, the remaining property listed below, and referenced in this prior motion, had been seized in New York's Kennedy Airport and was being held by the New York Police Department's Property Division, and the motion is governed by Fed. R. Crim. p.41(e) which provides that "A person aggrieved... by the deprivation of property may move the district court for the district in which the property was seized for the return

of the property on the ground that such person is entitled to lawful possession of the property".

The list of missing items above mentioned includes but is not limited to:

1) Cash, in the amount of $541 (five hundred and forty-one dollar and zero cents)
2) Two checkbooks containing a total of 40 blank checks of a Brazilian Bank, "Banco Itau", bank card of the referred bank
3) The petitioner's personal documentation of Brazil, including ID card "Carteira de Identidade", Driver's License "Carteira de Motorista", "Titulo do Eleitor", "CIC", and "Carteira do Trabalho".
4) The petitioner's daughter's Brazilian and US Passport in the name of "Raquel Elizabete Bokel" and "Rachel Elizabeth Bokel"
5) One 24K Gold rope necklace (18") with a jade pendant in "quasi" triangular shape with a 1/4" hole in the upper corner where the rope goes through.
6) Two silver rope necklaces (18") with dark blue saphire pendants one in heart shape and one in butterfly shape with a red stone as the butterfly's "body".
7) A number of children's books in English, Chinese, and Portuguese (about 10 in each language. A box of Disney Stories books/tapes set.
8) Eight small stuffed animals (about 3" to 5" each)
9) A couple of hand sized puppets(2"x5" each).
10) Three videotapes containing recordings of the petitioner and her child.
11) A black personal scripture with the petitioner's name engraved on the front(approximately 5"x7"x2").
12) A motorola cellular phone with ground line charger.
13) A new blue car booster seat (with two cup holders).

The petitioner prays that this honorable court will grant the immediate return of these and other items as found with the above.

This, however, is not a post-conviction relief motion (i.e. a "2255" motion), but solely a petition for immediate return of all property as she is entitled to.

Respectfully Submitted,

## CERTIFICATE OF SERVICE

I, __Weily L. Bokel__, certify under the penalty of perjury pursuant to 28 U.S.C. 1746, that a true and correct copy of the foregoing has been placed in the Federal Correctional Institution mailbox in Danbury, Connecticut on this 16th day of February, 2006 in accordance with the prison mailbox rule **Houston v. Lack,** 487 U.S. 266 (1988), this above styled motion is deemed filed upon placement in the prison mail room and mailed to the following:

United States District Court Clerk
Southern District of New York
40 Foley Square
New York, NY 10007

So Served,

_(signature)_

(Weily L. Bokel)
Petitioner

NYPD Legal Bureau
One Police Plaza, Room 1406
New York, NY 10038
attn: Ms. Michelle Lambert, Esquire

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| WEILY L. BOKEL,<br><br>　　　　　　*Defendant*<br><br>v.<br><br>UNITED STATES OF AMERICA | CRIMINAL CASE NO. 6:04-CR-70018<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

On May 26, 2005, Defendant Weily L. Bokel filed a "Motion for Return of Property" seeking the return of certain property including cash, jewelry, and other miscellaneous items.

Through conversations with Assistant U.S. Attorney Thomas Eckert and Defendant's defense attorney, Mark Claytor, this Court learned that the cash that was not garnished was already returned to Defendant, and that the remaining property referenced in Defendant's motion had been seized at New York's Kennedy Airport and was being held by the New York Police Department's Property Division.

Defendant's motion is governed by Fed. R. Crim. P. 41(e), which provides:

> A person aggrieved...by the deprivation of property may move **the district court for the district in which the property was seized** for the return of the property on the ground that such person is entitled to lawful possession of the property.

(emphasis added).

Accordingly, based on this court's investigation, Defendant's motion should have been filed in the appropriate United States District Court in New York, and must be dismissed by this

Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: _____
U.S. District Judge

_____
Date: Sept. 19, 2005