DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

---------------------------------------------------------x

WEILY L. BOKEL,

Petitioner,

**MEMORANDUM and ORDER**

-against-

06-CV-2849 (SLT)(LB)

NYPD PROPERTY CLERK DIVISION,
ITS SUCCESSORS AND ASSIGNS, AND
THE UNITED STATES OF AMERICA,

Respondent.

---------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 15 2007 ★
P.M.
TIME A.M.

**TOWNES, United States District Judge:**

Petitioner Weily L. Bokel brings this motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking to recover property which was seized by the police following her arrest. On February 13, 2007, this Court issued a Memorandum and Order in which it (1) clarified that petitioner's motion was to be construed as a civil complaint for equitable relief, (2) denied respondent United States' request for permission to move to dismiss this action pursuant to Fed. R. Civ. P. 12 or 56, and (3) directed the United States to file a responsive pleading. Although a formal referral order was never issued by this Court, Magistrate Judge Lois Bloom has been supervising discovery in this matter and attempting to effect a settlement.

To this end, Magistrate Judge Bloom conducted a conference on May 9, 2007, and subsequently entered an order dated May 10, 2007. That order required, *inter alia*, that respondent United States clarify which property it consented to return, and that petitioner designate an agent to retrieve her property from the NYPD and the United States by July 9, 2007. Petitioner has now filed a "Notice of Appeal," in which she seeks to appeal Magistrate Judge Bloom's interlocutory order to the Second Circuit Court of Appeals.

Petitioner is advised that most orders entered by magistrate judges are not appealable to the Second Circuit. Generally, that Court entertains appeals of *final* orders and judgments issued by district judges, *see* 28 U.S.C. §1291, as well as judgments issued by magistrate judges in cases referred under 28 U.S.C. §636(c)(1).[1] Matters assigned to magistrate judges pursuant to 28 U.S.C. §636(b)(3) are not subject to a final determination by a magistrate judge. *See LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995). There are exceptions to this so-called "final judgment rule," which permit the Second Circuit to hear appeals of certain interlocutory orders issued by *district* judges in civil cases. *See* 28 U.S.C. §1292. However, the order petitioner seeks to appeal is not an order of a district judge and is not the sort of interlocutory order which can be appealed under §1292.

Certain orders issued by magistrate judges may be "appealed" to the district judge handling that case. Title 28, section 636(b)(1)(A) of the United States Code provides that where the district judge has designated a magistrate judge to hear and determine a pretrial matter pending before the Court, the district judge may "reconsider" the pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Rule 72(a) of the Federal Rules of Civil Procedure, which sets forth a procedure to be followed in filing such "appeals" (actually, motions for reconsideration), provides that a party must serve and file objections to the order within ten days after being served with a copy of it, and that the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

---

[1]This is not a case which has been referred under §636(c)(1). That section provides that, upon consent of the parties, magistrate judges may conduct any and all proceedings and enter final judgment in a case. No such consent has been given by the parties to this action.

Although it is not at clear that either §636(b)(1)(A) or Rule 72 applies to orders of the sort issued by Magistrate Judge Bloom on May 10, 2007, the Clerk of Court docketed petitioner's May 25, 2007, submission as an appeal of the magistrate judge's decision. If construed in that manner, however, petitioner's "Notice of Appeal" is clearly insufficient in that it fails even to identify the portion of the order to which petitioner objects, much less explain why that portion of the order is clearly erroneous or contrary to law. This Court cannot modify or set aside any portion of Magistrate Judge Bloom's order on the strength of this submission.

In light of petitioner's *pro se* status, this Court might ordinarily deny the appeal without prejudice to refiling. However, this Court notes that on June 7, 2007, shortly after petitioner filed her "Notice of Appeal," Magistrate Judge Bloom issued a second order which modifies portions of her May 10, 2007, order. Accordingly, petitioner's "appeal" from Magistrate Judge Bloom's order of May 10, 2007, is denied with prejudice. To the extent that petitioner has any objections to Magistrate Judge Bloom's June 7, 2007, order, she should still have time to file a motion for reconsideration.[2]

---

[2]This Court expresses no opinion as to whether orders of the sort entered by Magistrate Judge Bloom on June 7, 2007, can be "appealed" to a district judge.

## CONCLUSION

Petitioner's "Notice of Appeal," dated May 25, 2007, is construed as motion to this Court for reconsideration of Magistrate Judge Bloom's order of May 10, 2007. Since petitioner's submission does not suggest any basis for reconsideration of the May 10, 2007, order, this Court declines to set aside or modify that order in any respect.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
June 14, 2007

**FedEx** Express — US Airbill

FedEx Tracking Number 8576 2058 0136

**1 From**

Date 6/15/07 — Sender's FedEx Account Number 1506-2096-1

Sender's Name JUDGE SANDRA L. TOWNES — Phone (718) 613-2160

Company US DISTRICT COURT

Address 225 CADMAN PLZ E RM 130

City BROOKLYN — State NY — ZIP 11201-1818

**2 Your Internal Billing Reference** BOKEL V. USA, 06 CV 2849 (SLT)(LB)

**3 To**

Recipient's Name WEILY L. BOKEL * — Phone (757) 488-7500

Company HAMPTON ROAD REGIONAL JAIL

Recipient's Address 2690 ELMHURST LANE

We cannot deliver to P.O. boxes or P.O. ZIP codes.

LEGAL MAIL

City PORTSMOUTH — State VA — ZIP 23701

* INMATE # 18509-HA-D209

0335391204

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

Sender's Copy

**4a Express Package Service** — [X] FedEx Priority Overnight; [ ] FedEx Standard Overnight; [ ] FedEx First Overnight; [ ] FedEx 2Day; [ ] FedEx Express Saver

**4b Express Freight Service** — [ ] FedEx 1Day Freight; [ ] FedEx 2Day Freight; [ ] FedEx 3Day Freight

**5 Packaging** — [ ] FedEx Envelope; [ ] FedEx Pak; [ ] FedEx Box; [ ] FedEx Tube; [ ] Other

**6 Special Handling** — [X] SATURDAY Delivery; [ ] HOLD Weekday at FedEx Location; [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods? [X] No; [ ] Yes As per attached Shipper's Declaration; [ ] Yes Shipper's Declaration not required; [ ] Dry Ice; [ ] Cargo Aircraft Only

**7 Payment** Bill to: [X] Sender; [ ] Recipient; [ ] Third Party; [ ] Credit Card; [ ] Cash/Check

Total Packages — Total Weight — Total Declared Value $ .00

**8 NEW Residential Delivery Signature Options** — [ ] No Signature Required; [ ] Direct Signature; [ ] Indirect Signature

519

---

**DOCKET CLERK**:

I sent a copy of the attached **Memorandum and Order** to the incarcerated *pro se* plaintiff by Federal Express Priority Overnight, Saturday Delivery, this date.

F. ALAN PASTORE
*Secretary*
Judge Sandra L. Townes

Dated: JUN 15 2007