UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WEILY L. BOKEL,

                        Petitioner,            **MEMORANDUM and ORDER**

        -against-                              06-CV-2849 (SLT)(LB)

NYPD PROPERTY CLERK DIVISION,
ITS SUCCESSORS AND ASSIGNS, AND
THE UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------------x
**TOWNES, United States District Judge:**

      Petitioner Weily L. Bokel commenced this action by filing a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking to recover various items of property which were allegedly seized by police following her arrest. On February 13, 2007, this Court issued a Memorandum and Order in which it (1) clarified that petitioner's motion was to be construed as a civil complaint for equitable relief, (2) denied respondent United States' request for permission to move to dismiss this action pursuant to Fed. R. Civ. P. 12 or 56, and (3) directed the United States to file a responsive pleading. *See Bokel v. NYPD Property Clerk Div.*, No. 06-CV-2849 (SLT)(LB), 2007 WL 526615 (E.D.N.Y. Feb. 13, 2007). Since then, Magistrate Judge Lois Bloom has been supervising discovery in this matter and attempting to effect a settlement.

      On May 9, 2007, Magistrate Judge Bloom held a conference at which she sought, *inter alia*, to establish which items had already been returned to petitioner, to clarify what property respondents were refusing to return to petitioner and to facilitate the return to petitioner of those items which respondents had located and were willing to return. Magistrate Judge Bloom memorialized rulings made and agreements reached during that conference in an order dated

May 10, 2007 (hereinafter, the "May 10 Order"). That order required that petitioner designate an agent to retrieve property from the New York City Police Department and the United States. It further required that the United States (1) serve and file an affidavit from someone with personal knowledge concerning what items had already been returned to petitioner's attorney, (2) specify which items still in its possession the United States would and would not return and (3) send petitioner instructions explaining how to retrieve the items the government was willing to return.

On or about May 25, 2007, petitioner filed a "Notice of Appeal," seeking to appeal Magistrate Judge Bloom's interlocutory order to the Second Circuit Court of Appeals. Since the Second Circuit lacked jurisdiction to hear petitioner's appeal, this Court construed that submission as a motion for reconsideration of the May 10 Order. *See Bokel v. NYPD Property Clerk Div.*, No. 06-CV-2849 (SLT)(LB), 2007 WL 1755872, at *2 (E.D.N.Y. June 15, 2007). In a Memorandum and Order filed June 15, 2007, this Court noted that petitioner's submission did not "even . . . identify the portion of the order to which petitioner object[ed], much less explain why that portion of the order [was] clearly erroneous or contrary to law," and declined to set aside or modify the May 10 Order in any respect. *Id.* Moreover, since Magistrate Judge Bloom had already issued a second order, in which she modified the May 10 Order, this Court stated that if petitioner had any objections to the second order, "she should still have time to file a motion for reconsideration." *Id.*

Petitioner now moves for reconsideration of the Memorandum and Order this Court filed on June 15, 2007. "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). While this Court recognizes that *pro se* submissions must be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), *pro se* litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Petitioner does not state a basis for reconsideration. She does not suggest that there is any relevant point of law or fact which this Court has overlooked. Rather, petitioner belatedly identifies those portions of the May 10 Order which she deems objectionable, and raises objections to certain comments made by Magistrate Judge Bloom during the May 9, 2007, conference, alleging that Magistrate Judge Bloom is disregarding all items sought by petitioner other than those which respondents admit possessing. Petitioner's submission thus provides facts which were absent from her "Notice of Appeal"; it does not assert that any of those facts were contained in that "Notice of Appeal" or were overlooked by this Court.

Moreover, petitioner does not request that either this Court's Memorandum and Order filed June 15, 2007, or the May 10 Order be vacated. Instead, petitioner principally requests that this Court order that respondents provide the following information:

> a) When was the property seized and/or passed on to the referred agency;
>
> b) Where did the property come from and where was it sent to;
>
> c) [The] Name[s] of all the parties involved in the receipt and processing of the seized property in each bureau; [and]
>
> d) A detailed inventory of what was seized, or received and what was done to [it].

3

Motion for Reconsideration for Judge Townes Order, at 7 (emphasis omitted). In addition, petitioner seeks an order directing that items located by respondents be shipped to her via certified mail.

This relief is not available upon a motion for reconsideration. Moreover, unless respondents have already refused to answer her interrogatories, petitioner does not need a court order to obtain the answers to her questions or the information listed above. In a civil action such as this, the parties conduct their own discovery, using the tools available under the Federal Rules of Civil Procedure. Those tools can be used to obtain both documents relevant to this action, and documents which can reasonably be expected to lead to relevant evidence. While magistrate judges may request information from parties, magistrate judges do not investigate cases and are not responsible for unearthing the relevant facts. For further information concerning the discovery process, petitioner can write to the Pro Se Office at this courthouse or call said office at (718) 613-2665.

## CONCLUSION

For the reasons set forth above, petitioner's motion for reconsideration of the Memorandum and Order this Court filed on June 15, 2007, is denied.

**SO ORDERED.**

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       July 17, 2007