UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WEILY L. BOKEL,

                      Plaintiff,                  **MEMORANDUM and ORDER**

         — against —                             06-CV-2849 (SLT)(LB)

NYPD PROPERTY CLERK DIVISION,
ITS SUCCESSORS AND ASSIGNS; and
THE UNITED STATES OF AMERICA,

                      Defendants.
----------------------------------------------------------------X

**TOWNES, United States District Judge:**

      Weily L. Bokel ("plaintiff") brings a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking return of items of her property allegedly seized by the police following her arrest on December 31, 2003. On February 13, 2007, the Court found that defendant, the United States, had not accounted for plaintiff's seized property in an adequate manner. This Court also stated that it viewed petitioner's motion as a civil complaint for equitable relief, denied respondent United States' request for permission to move to dismiss the action pursuant to Fed. R. Civ. P. 12 or 56, and directed the United States to file a responsive pleading. *See Bokel v. NYPD Property Clerk Div.*, No. 06-CV-2849 (SLT)(LB), 2007 WL 526615 (E.D.N.Y. Feb. 13, 2007). Magistrate Judge Lois Bloom has been supervising discovery in this matter. In this context, Judge Bloom has held telephonic conferences to determine what happened to Bokel's seized property.

      With respect to the property, Bokel seeks the return of thirteen items or groups of items which allegedly had been seized at Kennedy Airport, including a gold necklace with a jade pendant, two silver necklaces with sapphire pendants, petitioner's Brazilian identifications, various children's books and stuffed animals, some videotapes and her daughter's passports.

The Court has received a Report and Recommendation ("R&R") dated December 7, 2007 from Judge Bloom. Judge Bloom recommends dismissal of Bokel's motion for return of specific property. In finding dismissal proper at this point, Judge Bloom explains that she has conducted three telephonic conferences and reviewed specific, sworn declarations from persons with personal knowledge addressing what property had been returned, never seized or lost. Judge Bloom concludes that the defendants' sworn affidavits sufficiently account for each item of Bokel's seized property.

In Bokel's recently filed motion for reconsideration, Bokel raises objections to Judge Bloom's R&R. In deference to Bokel's *pro se* status, the Court will consider Bokel's arguments as formal objections to Judge Bloom's R&R.

## **DISCUSSION**

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, a court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record in order to accept the [magistrate judge's] recommendation." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *accord*

*Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007); *cf. Lewis v. Berg*, No. 00-CV-1433, 2006 WL 1064174, at *2 n.8 (N.D.N.Y. Apr. 20, 2006).

>Pursuant to Fed. R. Crim. P. 41(g):
>
>>A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Bokel argues that due process requires the government to provide petitioners with notice and opportunity to be heard before depriving her of the property seized. Bokel asks that this Court consider alternative forums of relief she may be entitled to in light of the government's negligence and violation of her right to due process "which resulted in her conviction in the criminal case, incarceration, and loss of two homes..." (Bokel Mot. at 5). The Court cannot, and will not consider Bokel's argument that the government's mishandling of her return of property requests somehow affected the validity of her criminal conviction.

To determine what happened to Bokel's property, Judge Bloom directed the U.S. Marshals Service to serve process on the N.Y.P.D. Property Clerk and held three telephonic conferences, on April 17, May 9, and July 17, 2007. After the second telephonic conference, the City defendant accounted for the only item of plaintiff's property in its possession, the gold rope necklace, and made arrangements to return the necklace to plaintiff's designated agent. The United States provided Bokel with a spreadsheet listing all property taken from her. Judge Bloom directed the United States to submit affidavits from individuals with personal knowledge

regarding the return of Bokel's property to her criminal defense attorney and to plaintiff's designee. Judge Bloom reviewed these affidavits and other information provided by the defendants and concludes that defendants have attested to what property has been returned, lost or never seized. Judge Bloom recommends that Bokel's matter be dismissed as moot for items the government has returned and dismissed for lack of subject matter jurisdiction for the items the government does not have.

As there is no further relief to be had for Bokel, her motion for a return of property is now moot. "Rule 41(g) permits only the recovery of property in the possession of the Government. Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) (internal citations omitted). "If ... the government asserts that it no longer has the property sought, the District Court must determine, in fact, whether the government retains possession of the property; if it finds that the government no longer possesses the property, the District Court must determine what happened to the property." *United States v. Albinson*, 356 F.3d at 281 (quoting Chambers, 192 F.3d at 378). The defendants, in response to Judge Bloom's thorough handling of Bokel's motion, have responded to the Court's requests for information and investigation into the matter of Bokel's missing property.

Magistrate Judge Bloom has conducted an adequate query into what happened with Bokel's property. There is no further relief to be had and plaintiff's motion for return of property cannot be granted. All pending motions in this matter are denied as moot.

## **CONCLUSION**

The plaintiff's motion for return of property is denied as moot. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge