```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WEILY L. BOKEL,

                    Plaintiff,                                    **MEMORANDUM and ORDER**

           — against —                                            06-CV-2849 (SLT)(LB)

NYPD PROPERTY CLERK DIVISION,
ITS SUCCESSORS AND ASSIGNS, and
THE UNITED STATES OF AMERICA,

                    Defendants.
------------------------------------------------------------X
```
**TOWNES, United States District Judge:**

      Weily L. Bokel filed a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking return of items of her property allegedly seized by the police following her arrest on December 31, 2003. Specifically, Bokel sought the return of thirteen items or groups of items which allegedly had been seized at Kennedy Airport, including a gold necklace with a jade pendant, two silver necklaces with sapphire pendants, petitioner's Brazilian identifications, various children's books and stuffed animals, some videotapes and her daughter's passports. This Court ordered the defendant, the United States, to account for plaintiff's seized property. Magistrate Judge Lois Bloom supervised discovery and held telephonic conferences to determine what happened to Bokel's seized property and received declarations from the defendant.

      In a Report and Recommendation ("R&R") dated December 7, 2007, Magistrate Judge Bloom recommended dismissal of Bokel's motion for return of specific property. This Court agreed that an adequate inquiry into what happened with Bokel's property occurred, that there was no further relief to be had, and dismissal of Bokel's motion for return of property was proper.

Bokel now moves to vacate this Court's Memorandum and Order adopting Magistrate Judge Bloom's Report and Recommendation. The Court construes Bokel's motion to vacate as a motion for reconsideration under either Fed. R. Civ. P. 59(e) and 60(b).

## DISCUSSION

"The decision to grant or to deny a Rule 59(e) motion for reconsideration rests with the sound discretion of the District Court." *United States v. Eubanks*, No. S7 92 CR 392, 1999 WL 1261256, at *5 (S.D.N.Y. Dec. 27, 1999) (citation omitted). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. New York City Campaign Finance Bd.*, 139 F. Supp. 2d 282, 283-84 (E.D.N.Y. 2001) (internal quotation marks and citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). These limitations are necessary to prevent a losing party from relitigating an issue already decided and simply "examining a decision and then plugging the gaps of the lost motion with additional matters." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)); *see also Shrader*, 70 F.3d at 257.

Relief under Rule 60(b) is limited; courts may vacate or modify a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . misrepresentation, or other misconduct of an adverse party;

>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
>    (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The Second Circuit has instructed that relief under Rule 60(b) can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations and quotation marks omitted). A motion for reconsideration is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

Bokel's motion to vacate, construed either as motion for reconsideration under Fed. R. Civ. P. 60(b) or 59(e) fails. Applying the standards of Local Rule 6.3 and Rule 59(e), the Court has reviewed Bokel's submissions and finds that she has failed to satisfy the burden of showing that this Court, in issuing its earlier Memorandum and Order, overlooked a controlling decision or material fact that would alter the outcome. By and large, Bokel's request for reconsideration repeats or reiterates in a slightly different fashion the same arguments and principles presented in

the original motion papers. Bokel has not pointed to any specific controlling authority which she claims this Court has overlooked. With respect to Rule 60(b), instead of arguing that one of the grounds in Rule 60(b) applies, plaintiff raises substantially the same arguments she previously made in her various submissions to the Court. She simply fails to state a legally sound basis for this Court to overturn its prior Order dismissing this action.

Bokel charges that this Court with having overlooked significant factual matters. However, Bokel simply disagrees with the Court's conclusions and does not point to any significant facts purportedly overlooked by this Court and misreads the Report and Recommendation. For example, Bokel asserts that the Government did not account for some items she sought the return of. However, the Government filed a declaration by Special Agent Mark L. MacKizer of the Federal Bureau of Investigation dated November 14, 2007 which specifically stated that the Government did not take possession of the items Bokel now claims remain unaccounted. The Court directs plaintiff to pages 3-5 of the Report and Recommendation. Moreover, both this Court and Magistrate Judge Bloom ordered the Government's thorough and sincere efforts to determine what happened to Bokel's property. The Government complied with Judge Bloom's orders. Lastly, the Court repeats that Bokel is not entitled to monetary damages for the property the federal government no longer has in its possession or control. *See Adeleke v. United States of America*, 355 F.3d 144, 151 (2d Cir. 2004)(The Second Circuit "join[s] in the unanimous conclusion of those sister circuits that have addressed the issue: Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property.")

4

Bokel asks the Court to grant monetary relief under the Tucker Act. The Tucker Act waives the sovereign immunity of the United States for non-tort claims, and confers jurisdiction in the Court of Federal Claims over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The Little Tucker Act confers concurrent jurisdiction upon district courts when the damage claim is $10,000 or less. 28 U.S.C. § 1346(a)(2).

These statutes create no substantive rights for money damages enforceable against the United States. Rather, "the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Mitchell*, 463 U.S. 206, 216-217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The Court of Federal Claims has made it clear that "except for the taking clause of the fifth amendment, the other amendments [to the Constitution] do not require the United States to pay money for their alleged violation." *Maracalin v. United States*, 52 Fed. Ct. 736, 744 (Fed.Cl.2002) (*citing Elkins v. United States*, 229 Ct.Cl. 607, 608 (1981)). And the Second Circuit has recognized that "the Court of Claims lacks jurisdiction to resolve a claim that property was forfeited unconstitutionally," *Polanco v. U.S. Drug Enforcement Administration*, 158 F.3d 647, 652 n. 3 (2d. Cir.1998), including a claim against the United States arising out of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)*, see id.* at 651-52; *see also Mendez v. United States*, No. 99-cv-3496 (JFK), 2005 WL 1208512, at *3 (S.D.N.Y. May 19, 2005) (claim under Tucker Act based on supposed violation of due process rights of Fifth Amendment not available against the DEA because Bivens does not allow suit

5

against federal agencies). Thus, if Bokel's claims are grounded on a supposed violation of her due process rights, the Tucker Act provides no basis upon which relief can be granted to her. Lastly, Bokel has no claim under the Federal Tort Claims Act . The Federal Tort Claims Act waives the United States' sovereign immunity for claims arising out of torts committed by federal employees. 28 U.S.C. § 1346(b)(1). The Supreme Court recently explained that 28 U.S.C. § 2680, providing that the waiver of sovereign immunity does not apply to claims arising from the detention of property by "any officer of customs or excise or any other law enforcement officer" includes officers of the Federal Bureau of Prisons and any other federal law enforcement officers. *Ali v. Fed. Bureau of Prisons*, --- U.S. ----, 128 S.Ct. 831, 834, 169 L.Ed.2d 680 (2008).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to vacate this Court's Order, dated March 31, 2008, is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
        July 15, 2008

                               *Sandra L. Townes*
                               SANDRA L. TOWNES
                               United States District Judge